# In the United States Court of Federal Claims

No. 00-428C
(Filed March 16, 2007)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| | * |
| **INTERNATIONAL AIR RESPONSE,** | * Contracts; remand; Aircraft Exchange |
| | * Agreement with the United States Forest |
| | * Service; authority to undertake exchange |
| Plaintiff, | * of surplus airplanes for antique aircraft; |
| | * *bona fide* purchaser for value, 40 U.S.C. |
| v. | * § 544 (2000); government counterclaim |
| | * for return of value of planes, 28 U.S.C. |
| **THE UNITED STATES,** | * § 1503, 2508 (2000); restitution; |
| | * Espionage Act, 18 U.S.C. § 793 (2000). |
| Defendant. | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * | * |

Randall S. Papetti, Phoenix, AZ, for plaintiff. Lewis and Roca, LLP, of counsel.

Roger A. Hipp, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for defendant.

## ERRATUM

**MILLER**, Judge.

Please substitute the attached page 11 for the original in the Memorandum Opinion and Order entered on March 12, 2007. The original page contained a typographical error.

S/ Christine O.C. Miller
________________________________
**Christine Odell Cook Miller**
Judge

Congress has provided the [Forest Service] with no independent authority to transfer these excess military aircraft under these circumstances.

> Accordingly, I must declare the exchange agreement void from the beginning. Being void from the beginning means that no title exchange ever occurred. The Government still owns the former military aircraft. T&G/Douglas County Aviation (now doing business as International Air Response) still possesses title to its historic aircraft. The Government hereby requests the return of its aircraft and is prepared to return your historic aircraft.

DX 14. Despite the contracting officer's determination, plaintiff contends, that 40 U.S.C. § 544 (2000), prohibits the Government from unwinding this transaction. 40 U.S.C. § 544 provides,

> A deed, bill of sale, lease, or other instrument executed by or on behalf of an executive agency purporting to transfer title or other interest in surplus property under this chapter is conclusive evidence of compliance with the provisions of this chapter concerning title or other interest of a bona fide grantee or transferee for value and without notice of lack of compliance.

Defendant argues that plaintiff does not qualify for protection under 40 U.S.C. § 544 because "it was not a bona fide transferee for value because it knew or should have known that the Forest Service had not complied with the surplus property statutes and regulations." Def.'s Br. filed Nov. 7, 2006 at 4-5. Defendant put on one witness, Mr. Hooper, who was charged with resolving the issues surrounding the exchange program. He testified as to three matters: (1) the basis for his conclusion that the exchange between plaintiff and the Forest Service was unauthorized; (2) his general knowledge about the aircraft involved in the exchange; and (3) his personal knowledge of the exchange. He explained that the Forest Service initially took the position that it had authority to make the exchange, but that the Department of Agriculture's Office of Inspector General disagreed. Mr. Hooper "felt an obligation to write the assertion letter." Tr. at 174. It was six and one-half years after the Forest Service learned of the underlying swarmy arrangements with other parties whose transactions led to the issuance of the contracting officer's decision. Mr. Hooper never inspected the plaintiff's C-130As; he amortized the value after a 15-year period. He could not recall any particulars of valuing the DC-7B, SNB5, or UH-19B. The court observed that Mr. Hooper lacked conviction in his own testimony. The court finds that Mr. Hooper's evidence was insufficient to carry defendant's burden of proof on its counterclaim.

First, defendant contends that "the aircraft IAR provided in the exchange were not of comparable value to the C-130[A]s it received." Def.'s Br. filed Nov. 7, 2006, at 5. The