IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL AIR RESPONSE,<br>22000 South Price Road<br>Chandler, Arizona 85248,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 00-428C<br><br>(Assigned to the Honorable Christine O.C. Miller)<br><br>E-Filed August 13, 2007 |

**<u>PLAINTIFF IAR'S MOTION FOR EXTENSION OF TIME TO FILE MEMORANDUM IN SUPPORT OF ATTORNEYS' FEES AND COSTS</u>**

Plaintiff seeks an extension of time of thirty days to file a memorandum and supporting documentation in support of its pending Application for Attorneys' Fees. Plaintiff's counsel has been involved in a substantial trial and will remain so for the next couple weeks. This chronology and circumstances relevant to this motion are as follows:

1. The Court issued an Order and Judgment in favor of IAR on March 12, 2007. IAR is thus the prevailing party in this action.

2. The Government timely filed a notice of appeal on May 9, 2007.

3. IAR's request for attorneys' fees and costs under 28 U.S.C. § 2412(d)(1)(A) must be filed within "thirty days of final judgment in the action." *Id.* § 2412(d)(1)(B).

4. However, the EAJA defines a "final judgment" as a judgment that is "not appealable." *Id.* § 2412(d)(2)(G). Courts interpret this provision to mean that the thirty-

day period does not run while an appeal is pending. *See, e.g., Pierce v. Barnhart*, 440 F.3d 657, 661-62 (5th Cir. 2006).

5. Out of an abundance of caution to guard against any change in the law regarding when the thirty-day period begins to run, IAR filed its Application for Attorneys' Fees on June 12, 2007, even though the Government's appeal was still pending. It is permissible under the EAJA to file an application early – i.e., prior to resolution of the Government's appeal and entry of a truly "final judgment." *See, e.g., Gonzalez v. United States*, 44 Fed. Cl. 764, 767 (1999). It is IAR's position that the Government's position was not substantially justified within the meaning of the relevant law and that an award of fees and costs is appropriate. IAR's memorandum will clarify that fees are sought for approximately $170,000 and costs in the amount of approximately $10,000. IAR will provide an itemization of its fees and expenses to the Government and to the Court in conjunction with filing its memorandum. IAR's memorandum will further demonstrate that IAR is not disqualified from receiving a fee award under the net worth provision of the EAJA.

6. The Government filed an unopposed motion to dismiss its appeal on July 13, 2007. The Federal Circuit granted the motion on July 17, 2007.

7. Although IAR already has filed its Application, it had intended to supplement its application by filing a supporting memorandum within thirty days from final resolution of the Government's appeal – i.e., by August 16, 2007. IAR's counsel, however, is lead counsel in a month-long jury trial, which currently is in its third week. He is then scheduled for a short vacation the last week of August.

8. IAR thus asks to have a thirty-day extension – up to and including September 14, 2007 – to file its supporting memorandum and exhibits. This is the first request for an extension on this matter.

9. The extension of time to supplement the initial Application is not jurisdictional and thus may be extended. *See Scarborough v. Principi*, 124 S. Ct. 1856 (2004) (holding that even the 30-day period itself is not jurisdictional); *Townsend v. Commissioner of Social Security*, 415 F.3d 578 (6th Cir. 2005); *Bazalo v. West*, 150 F.3d 1380 (Fed. Cir. 1998).

Respectfully submitted,

Date: August 13, 2007

By: s/ Randy Papetti
Randy Papetti
Lewis and Roca LLP
40 North Central Avenue
Phoenix, Arizona 85004-4429
602-262-5337 Telephone
602-734-3865 Facsimile
Attorney of Record for Plaintiff
International Air Response