# In the United States Court of Federal Claims

No. 00-428C
(Filed April 2, 2008)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | Practice and procedure; motion |
| **INTERNATIONAL AIR RESPONSE,** | * | for reconsideration, RCFC |
| **INC.,** | * | 59(a)(1); Equal Access to Justice |
| Plaintiff, | * | Act, 28 U.S.C. § 2412 (2000); |
| | * | substantial justification; whether |
| v. | * | Government's position that |
| | * | return of planes was required by |
| **THE UNITED STATES,** | * | Espionage Act, 18 U.S.C. § 793 |
| | * | (2000), was substantially |
| Defendant. | * | justified. |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

Randy Papetti, Phoenix, AZ, for plaintiff. Lewis and Roca, LLP, of counsel.

Roger A. Hipp, Washington, DC, with whom was Acting Assistant Attorney General Jeffrey S. Bucholtz, for defendant.

## ORDER ON MOTION FOR RECONSIDERATION

**MILLER,** Judge.

Defendant's Motion for Reconsideration pursuant to RCFC 59(a)(1) was filed on March 18, 2008, seeking reconsideration of an award of attorneys' fees and costs to plaintiff. See Int'l Air Response, Inc. v. United States, 80 Fed. Cl. 460 (2008) (order granting application under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2000) (the "EAJA")) (the "EAJA Opinion"); see also Int'l Air Response, Inc. v. United States, 75 Fed. Cl. 604 (2007) (the "Merits Opinion"). Pursuant to the order entered on March 18, 2008, plaintiff filed its response on March 25, 2008.

## BACKGROUND

This court does not complain about motions for reconsideration. See Fifth Third Bank of W. Ohio v. United States, 52 Fed. Cl. 637, 638 (2002) ("The court welcomes motions for reconsideration or clarification in the endeavor to correct errors within the least amount of

time and at the least effort to the parties and their counsel.). These motions are an important part of the judicial process and enable a trial court to afford the parties a written decision that addresses all the facts and law that they bring to bear before either party is required to assess whether the trial court's judgment is subject to appeal as incorrect as a matter of law, as clearly erroneous as a matter of fact, or as manifesting an abuse of discretion regarding the exclusion or admission of evidence. The motion in this case, however, is interjected at the conclusion of proceedings on an attorneys' fee application under the EAJA. In these circumstances the proponent of a motion for reconsideration should be chary of fanning the flames of insubstantial legal argument, because the application was granted in recognition that the Government's litigation position was not substantially justified.

Because defendant seeks reconsideration of an EAJA award, both the court and plaintiff reasonably should expect that the Government would not assail the opinion for failing to give due regard to the important policies implemented by the Espionage Act, 18 U.S.C. § 793 (2000), by misquoting the trial court's opinion and arguing that the court did not give adequate consideration to binding precedent that does not stand for the proposition urged. If the position of the Government is its litigation position through all the phases of the case, see Chiu v. United States, 948 F.2d 711, 715 (Fed. Cir. 1991) (stating that focus is "whether the [G]overnment's overall position [both before and during litigation] had a reasonable basis in both law and fact"), the EAJA does not countenance that the Government can neglect to quote the Merits Opinion fully on a salient point or can reframe and bolster the reasonableness of its litigation position based on a case in which a key point was conceded and not ruled on by the appellate court, the United States Court of Claims.

Perhaps the simplest way of phrasing the Government's obligation for litigation candor and forthrightness is the tautology that a plaintiff should not be put to the task of opposing a motion to reconsider an award of attorneys' fees under a statute that redresses a plaintiff for enduring a Chinese water torture of hurdles to recovery interposed by a tireless institutional litigant with boundless financial resources to litigate matters to the death, *i.e.*, the United States Government. Indeed, plaintiff in this case states: "The motion should be denied and [plaintiff's] fee award should be increased to partially compensate it for having to respond to this needless motion." Pl.'s Br. filed Mar. 25, 2008, at 2.

## DISCUSSION

1. Standard of review on motion for reconsideration

RCFC 59(a)(1) provides that the court may grant "[a] new trial or rehearing or reconsideration . . . to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private

parties in the courts of the United States." The court may take additional testimony, amend findings of fact and conclusions of law, and direct entry of a new judgment in determining a motion for reconsideration. Id.

Granting reconsideration lies within the court's discretion. Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007); see also Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table) (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992))). This requires the movant to establish a "manifest error of law, or mistake of fact," by showing "(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Stockton E. Water Dist., 76 Fed. Cl. at 499 (internal quotations omitted). Reviving unsuccessful arguments and/or making new arguments not previously presented is impermissible in a motion for reconsideration as such a motion is "not intended to give an unhappy litigant an additional chance to sway the court." Id. (internal quotations omitted); see also White Mountain Apache Tribe v. United States, 9 Cl. Ct. 32, 35 (1985) ("'The reargument of cases cannot be permitted upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court. . . .'" (quoting Roche v. Dist. of Columbia, 18 Ct. Cl. 289, 290 (1883))).

In opposing plaintiff's fees application, defendant argued:

> In its opinion in this case, the Court distinguished the Dubin cases, finding that the Government had failed to show that the C-130 "contained elements unknown to the general public" or that the C-130A is 'classified' outside of its inclusion on the Munitions List. [EAJA Opinion, 80 Fed. Cl. at 465-66.] We respectfully disagree with this finding, and suggest that it is contrary to Dubin II, which did not limit application of the Espionage Act to classified items. Although we failed to persuade the Court that our interpretation was correct, our interpretation of the Espionage Act and the Dubin cases was not unreasonable. Because the Government's Espionage Act defense was plausible and was supported by statute and precedent, the Court should find that the Government's legal position was substantially justified.

Def.'s Br. filed Nov. 15, 2007, at 10. The quoted language to which defendant refers appears in the EAJA Opinion, as follows:

> Tellingly, the court found that "defendant has neither shown that the C-130A contains elements that were unknown to the general public when sold as surplus property, nor demonstrated that the C-130A was 'classified' outside of its inclusion on the Munitions List." [Merits Opinion, 75 Fed. Cl. at 614.] On this basis the court was "unable to conclude that the Espionage Act applies in this case." Id.

80 Fed. Cl. at 465.

Defendant bottoms its reconsideration request on the following: "The Court found that the Dubin cases were distinguishable because the Government had not demonstrated at trial that the C-130A aircraft was "'classified' outside of its inclusion on the Munitions List." Def.'s Br. filed Mar. 18, 2008, at 2 (quoting Merits Opinion, 75 Fed. Cl. at 614).

As plaintiff laments, the premise of defendant's motion is that the Merits Opinion erroneously limited the application of the Espionage Act to "classified" items. The full sentence in passage quoted above from the Merits Opinion does not so limit the Espionage Act, although defendant's truncated version could be read that way. Plaintiff chides defendant for "a mischaracterization of a quote," which did not set forth the quotation in "full relevant part." Pl.'s Br. filed Mar. 25, 2008, at 3-4. The late Chief Judge Markey of the United States Court of Appeals for the Federal Circuit was not as circumspect:

> Taking the charitable view that [appellant's] conduct here may be the result of invincible ignorance . . . we decline to impose a sanction . . . . Nonetheless, we remind that one does not persuade by insulting the intelligence of the persuadees.
>
> It is sufficient to cite but one example of [appellant's] intelligence-insulting tactics here, *i.e.*, one of the many instances in which it twisted this court's opinion language in [the prior opinion]. . . .
>
> [Appellant's] brief turns the [mentioned] quote on its head . . . . To found an argument on an expectation that this court will forget which side brought suit is to exceed the bounds of advocacy.
>
> To list each of the many statements in [appellant's] brief that are either unsupported or contradicted by the record would unduly lengthen this opinion. With those statements [appellant] is arguing a different case from that presented at the trial level. That [appellant] found such statements necessary

should have told it that there were no proper grounds for reversal and that in filing this appeal it was walking on the razor's edge of frivolity.

Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., 895 F.2d 1403, 1405-06 (Fed. Cir. 1990) (footnote omitted); see also Precision Specialty Metals, Inc. v. United States, 315 F.3d 1346, 1352-55 (Fed. Cir. 2003) (acknowledging court's power both under Fed. R. Civ. P. 11 and inherent power to sanction for selective quotations).

Premised on the selectively quoted language from the Merits Opinion, defendant expands its discussion–for the first time–of the late Judge Davis's opinion in AST/Servo Systems, Inc. v. United States, 449 F.2d 789 (Ct. Cl. 1971). The Merits Opinion cited AST/Servo, see 75 Fed. Cl. at 614, but did not discuss the fact that Judge Davis spiraled his concurrence in Dubin v. United States, 363 F.2d 938, 943 (Ct. Cl. 1966) (Davis, J., concurring in the result) (questioning whether section 793 of the Espionage Act applies at all to unclassified equipment) ("Dubin II"), into a unanimous opinion for the United States Court of Claims in AST/Servo. Nor did defendant expand on AST/Servo in its earlier briefing in connection with trial and issuance of the Merits Opinion.

AST/Servo involved items, like the C-130A aircraft in this case, that the Government had not classified, but were related to the national defense. The Court of Claims stated that the Espionage Act therefore authorized the Government to repossess the surplus Guidance Sets of the Atlas Intercontinental Ballistic Missile at issue in AST/Servo. Tellingly, plaintiff in AST/Servo conceded that the guidance systems in question were unclassified, but still related to the national defense. The Espionage Act, 18 U.S.C. § 793(e), gives the Government the right to recapture an "instrument" or "appliance" "relating to the national defense, which information the possessor has reason to believe could be used to the injury of the United States . . . ." Judge Davis caveated: "Because plaintiff makes the . . . concession we do not now have to consider whether unclassified items are in fact subject to the statute." AST/Servo, 449 F.2d at 791 (footnote omitted). The Merits Opinion was consonant with AST/Servo insofar as both */ stand for the proposition that the Espionage Act

---

*/ AST/Servo did not consider the Munitions List. The Merits Opinion discussed the fact that the Munitions List includes the subject aircraft. See Merits Opinion, 75 Fed. Cl. at 613-14. Defendant argues that (1) the Espionage Act covers unclassified items per AST/Servo; (2) "defense articles" are subject to export restrictions pursuant to the Arms Export Control Act, 22 U.S.C. §§ 2778, 2794 (2000); (3) the C-130A aircraft are listed on the Munitions List; (4) therefore, the C-130 aircraft are defense articles, which is the same as instruments or appliances "related to the national defense" within the contemplation of the Espionage Act or, alternatively, (5) therefore, the C-130A aircraft are defense articles and,

can apply to unclassified items, *i.e.*, items that were unknown to the general public when sold as surplus or items that were "classified" in any way, other than being listed on the United States Munitions List. See Merits Opinion, 75 Fed. Cl. at 614-15. How Judge Davis's opinion, treated as a full-blown analysis, assists defendant in arguing that AST/Servo "[held] that the Espionage Act applies to sales of instruments and appliances relating to the national defense, regardless of whether the items are classified[,]" Def.'s Br. filed Mar. 18, 2008, at 3, is beyond the ken of this judge.

Plaintiff reminds defendant that the Merits Opinion and the EAJA Opinion found defendant's invocation of the Espionage Act not to be reasonably grounded due to a failure of proof. See EAJA Opinion, 80 Fed. Cl. at 465; Merits Opinion, 75 Fed. Cl. at 613-14 & n.8. Nonetheless, defendant wraps itself in the national flag to reverse a fee award on the ground that the Government was substantially justified in making an argument recognized by Judge Davis in AST/Servo. These are parlous times. Any court is sensitive to a brief signed under the authority of the Attorney General of the United States arguing that the court has ignored settled case law that elevates national defense concerns above a litigant's self-interest.

The problem, of course, is that defendant represents that the binding precedent stands for a general proposition, when the venerated jurist who authored it expressly delineated the concession (assumption) upon which the analysis followed. And the concession–that the surplus items in question were related to the national defense–was not made in the case at bar, nor did the Government prove that they were. Moreover, Judge Davis underscored the limitation of his ruling (it was not a holding, as defendant contends); the case involved the amount of compensation due plaintiff; and Judge Davis prefaced his discussion by accepting "three basic postulates accepted and put forward by both sides," AST/Servo, 449 F.2d at 790, that included "the right under [the Espionage Act] to repossess the Guidance Sets", id.,

---

*/ (Cont'd from page 5.)

although not subject to repossession under the Espionage Act, are vitally important, so that the Government can invoke principles of the Espionage Act to defend against a claim that is not brought under the Espionage Act. As plaintiff beseeches, reminding that defendant failed to carry its burden of proof that the C-130A aircraft were instruments or appliances relating to the national defense, "[i]f any such claim had actually been made it would be quite extraordinary given that the planes are flown in over fifty countries around the world, have been owned by private American companies for over twenty-five years, and are no longer even flown by the Air Force." Pl.'s Br. filed Mar. 25, 2008, at 5 n.2.

further calling to attention the limitations of the court's discussion: "We decide the case (without independently delving into the assumptions) . . . ." Id.

If the test for assessing the substantial justification of the Government's position is whether "a reasonable person could think the position correct even though it is not," Beta Systems, Inc., v. United States, 866 F.2d 1404, 1406 (Fed. Cir. 1989) (citing Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)), defendant does not meet the test. Given defendant's ambitious reading of AST/Servo, its argument based on the Espionage Act was not plausible and not supported by statute or precedent.

Plaintiff has proposed that the court amend the EAJA judgment to reflect an increased award for attorneys' fees in the amount of $625.00, or five hours at $125.00. See EAJA Opinion, 80 Fed. Cl. at 466 (noting that plaintiff conceded applicable hourly rate under EAJA). Defendant has a right to lodge an objection to the amount claimed.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. Defendant's motion for reconsideration of the EAJA Opinion is denied.

2. By April 10, 2008, defendant shall file any objection to the number of hours claimed to have been expended by plaintiff in responding to the motion for reconsideration.

s/ Christine O.C. Miller

__________________________________

**Christine Odell Cook Miller**
Judge